IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT JAMES BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-299-SLR |
| | ) |
| CYNTHIA KELSEY, RANDOLPH | ) |
| PFAFF, VINCENT JORDAN, THOMAS | ) |
| LOONEY, and JANE BRADY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff Albert Brown is a pro se litigant who filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (D.I. 1, 2) The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II.   STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether plaintiff is eligible for pauper status. On May 25, 2004, the

---

[1] On August 6, 2004, plaintiff amended his complaint. (D.I. 6) On January 28, 2005, plaintiff moved to amend his complaint to sue defendant Kelsey in her individual and official capacities. (D.I. 14) On February 22, 2005, plaintiff moved to amend his complaint to add Jane Brady, the Attorney General of Delaware, as a defendant and to sue all defendants in their individual and official capacities. (D.I. 16) The court grants both of plaintiff's motions to amend.

court granted plaintiff leave to proceed in forma pauperis. (D.I. 4)

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[2] If the court finds plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the Fed. R. Civ. P. 12(b)(6) standard of review. See Neal v. Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn

---

[2] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[3] As discussed below, plaintiff's claims have no arguable basis in law or fact. Therefore, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## III. DISCUSSION

### A. The Complaint

Plaintiff alleges that on May 23, 2002, members of the Wilmington Police Department unlawfully arrested him. (D.I. 2) Specifically, plaintiff alleges that police officers arrested plaintiff without probable cause, falsified evidence and

---

[3] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 ("PLRA"). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. See Prisoner Litigation Reform Act of 1995, Pub. L. No. 14-134, § 804, 110 Stat. 1321 (April 26, 1996).

statements, falsified signatures on warrants, unlawfully searched plaintiff's person during the arrest, and engaged in racial profiling. (Id., D.I. 6) According to plaintiff, his illegal arrested led to his imprisonment. (D.I. 2) From this statement the court infers that plaintiff was convicted of charges stemming from his allegedly illegal arrest. Plaintiff requests compensatory and punitive damages. (D.I. 6)

   B.   Analysis

Plaintiff's sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). A plaintiff cannot recover damages under § 1983 for alleged false imprisonment unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff has not alleged that his conviction or sentence was reversed or invalidated by any means required under Heck. Consequently, plaintiff's unlawful arrest claim lacks an arguable basis in law or in fact. The court dismisses plaintiff's unlawful arrest claim as frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

IV. CONCLUSION

At Wilmington this 27th day of April, 2005, for the reasons set forth above;

IT IS ORDERED that plaintiff's amended complaint (D.I. 16) is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

                                                     _____
                                                     United States District Judge